Jay T. Jambeck SBN #226018
*jjambeck@leighlawgroup.com*
Mandy G. Leigh SBN # 225748
*mleigh@leighlawgroup.com*
Damien B. Troutman SBN # 286616
*dtroutman@leighlawgroup.com*
LEIGH LAW GROUP
870 Market Street, Suite 1157
San Francisco, CA 94102
Telephone:      415-399-9155
Facsimile:      415-795-3733

*Attorney for Plaintiff*
C.G. (a minor)

Patrick L. Deedon, State Bar No.: 245490
John R. Powell, State Bar No. 320187
MAIRE & DEEDON
2851 Park Marina Dr., #300
Post Office Drawer 994607
Redding, California 96099-4607
(530) 246-6050 I 246-6060 (fax)
pdeedon@maire-law.com
jpowell@maire-law.com

*Attorneys for Defendant*
REDDING CHRISTIAN SCHOOL

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.G. (a minor), by and through his Parents and Guardians ad Litem, DONALD and WENDY GRAHAM,<br><br>    Plaintiff,<br><br>  v.<br><br>REDDING CHRISTIAN SCHOOL, and DOES 1-30, inclusive,<br><br>    Defendant. | **Case No.:** 2:19-cv-00348-MCE-DMC<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br><br><br>**Complaint Filed**: February 26, 2019 |

IT IS HEREBY STIPULATED and agreed by and between counsel for the parties that, upon the Court's approval, the terms and conditions of a Stipulated Protective Order should be entered as follows:

1. The Stipulated Protective Order entered by the Court (the "Court's Order") shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, testimony, matters in evidence, and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL MATERIAL" pursuant to this Stipulation and the Court's Order, directly or indirectly by or on behalf of any party in connection with this action.

2. Pursuant to Local Rule 141.1(c)(1), the types of information eligible for protection include evidence of medical and/or mental health treatment Plaintiff, a minor, underwent as a result of the events at issue in the above-captioned matter, as well as educational records of Plaintiff and/or other minor students (e.g., academic, disciplinary, and/or special education) that are protected by state and federal student privacy laws, e.g., the Family Educational Rights and Privacy Act ("FERPA"). 20 U.S.C. § 1232g(a)(4)(A) (providing privacy protections for educational records that "contain information directly related to a student" and "are maintained by an educational agency or institution or by a person acting for such agency or institution.").

3. Pursuant to Local Rule 141.1(c)(2), there is a need to protect this type of evidence. Potentially discoverable information is subject to balancing when constitutionally protected rights of privacy of implicated. See e.g., *Breed v. United States Dist. Court*, 542 F.2d 1114, 1116

(9th Cir. 1976). Moreover, the parties seek protection to prevent disclosure on the public docket of Plaintiff's mental health, particular because he is a minor, and educational records protected by FERPA.

4.      Pursuant to Local Rule 141.1(c)(3), the parties seek a Protective Order, as opposed to entering into a private agreement, because the proposed Order provides mechanisms for the resolution of disputes and the handling of designated evidence that involve the Court.

5.      In designating RECORDS as "CONFIDENTIAL MATERIAL," a party shall make such a designation only for RECORDS which that party in good faith believes contain information related to child trauma and/or emotional distress as related to minor plaintiff(s) in this action. RECORDS designated as CONFIDENTIAL MATERIAL shall be used solely for the purpose of conducting this litigation and not for any other purpose.

6.      CONFIDENTIAL MATERIAL may be disclosed only to the following persons:

a.   the attorneys working on this action on behalf of any party, including inhouse litigation attorneys;

b.   any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, with disclosure only to the extent necessary to perform their work in connection with this matter;

c.   any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 6(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

d.   any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential;

e. any party to the action, including their representative and insurance carrier. Any such individual shall be provided with a copy of this Stipulated Protective Order and agree to be bound by the same prior to receiving any CONFIDENTIAL MATERIAL; and

f. the Court.

7. The persons described in paragraph 6(d) shall have access to the CONFIDENTIAL MATERIAL records once they have been made aware of the provisions of the Court's Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." Upon request, a list shall be prepared by counsel for the parties hereto of the names of all such persons to whom CONFIDENTIAL MATERIAL is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel. The other persons described in paragraph 6 shall have access to the CONFIDENTIAL MATERIAL pursuant to the terms of the Court's Order without signing a copy of the annexed "ACKNOWLEDGEMENT." Upon request, similar but separate lists shall also be prepared with respect to CONFIDENTIAL MATERIAL provided by third parties. The persons receiving RECORDS designated as CONFIDENTIAL MATERIAL are enjoined from disclosing it to any other person, except in conformance with the Court's Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

8. Each individual who receives any RECORDS designated as CONFIDENTIAL MATERIAL hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of the Court's Order.

9.     The recipient of any RECORDS designated as CONFIDENTIAL MATERIAL that is provided under the Court's Order shall maintain such RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

10.    Parties shall designate RECORDS as CONFIDENTIAL MATERIAL as follows:

a. In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL MATERIAL." In the event that a party was unable to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL at the time of its production, that party may, within twenty-one (21) days of becoming able to designate such RECORD, so stamp or otherwise designate the RECORD. In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL MATERIAL at the time of its production, that party may, after discovery of such error, so stamp or otherwise designate the RECORD.

b. In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL MATERIAL shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL MATERIAL the deponent has had access, said counsel shall designate within twenty-one (21) days after counsel's receipt of the transcript or the entry of this order, whichever is later.

c. Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters, and when filed, the parties shall comply with paragraph 12 below.

11. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL MATERIAL designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court.

12. In the event that any CONFIDENTIAL MATERIAL is to be used in any court proceedings in connection with this litigation, the parties shall request an Order from the Court seeking to seal the documents pursuant to Local Rule 141. If any CONFIDENTIAL MATERIAL is used in any court proceedings in connection with this litigation it shall not lose its CONFIDENTIAL MATERIAL status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13. Nothing in the Court's Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL MATERIAL.

14. Nothing in the Court's Order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL MATERIAL to an individual who

either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL MATERIAL.

15.     Within sixty (60) days of the termination of litigation between the parties, all RECORDS designated as CONFIDENTIAL MATERIAL, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with the Court's Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of the Court's Order, shall be returned to the party which produced it or shall be destroyed.

16.     Except as specifically provided herein, the terms, conditions and limitations of the Court's Order shall survive the termination of this action at the option of the designating party.

17.     The Court's Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 18, inclusive hereof.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


Respectfully submitted,

Date: November 25, 2019          **LEIGH LAW GROUP, P.C.**

                                 */s/ Damien B. Troutman*_____
                                 DAMIEN B. TROUTMAN
                                 Attorney for Plaintiff C.G.

Date: November 25, 2019          **MAIRE & DEEDON**

                                 */s/ Patrick L. Deedon*_____
                                 PATRICK L. DEEDON
                                 Attorney for Defendant
                                 REDDING CHRISTIAN SCHOOL

## <u>ORDER</u>

**IT IS SO ORDERED. It is further Ordered that any individual receiving records as provided in Paragraph 8 above shall, in advance of receipt of such records, be provided with a copy of this Stipulation and Protective Order, as notice of the terms and conditions of receiving such confidential documents.**

Dated:  December 3, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that he/she has read the Protective Order which was entered by the Court on _____, 2019, *C.G. v. Redding Christian School*, 2:19-cv-00348-MCE-DMC, that he/she is one of the persons contemplated in paragraph 6 above as authorized to receive disclosure of RECORDS designated CONFIDENTIAL by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order. The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Eastern District of California for purposes of any proceedings relating to performance under, compliance with or violation of the above-described Order.


Dated: _____, 20___                    _____