UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| C.G. (a minor), by and through his Parents and Guardians ad Litem, DONALD and WENDY GRAHAM,<br><br>Plaintiffs,<br><br>v.<br><br>REDDING CHRISTIAN SCHOOL and DOES 1-30, inclusive,<br><br>Defendants. | No. 2:19-cv-00348-MCE-DMC<br><br>**MEMORANDUM AND ORDER** |

Minor Plaintiff C.G. ("C.G"), by and through his Parents and Guardians ad Litem, Donald Graham and Wendy Graham ("Parents" and collectively with C.G, "Plaintiffs") seek relief from Defendant Redding Christian School ( "Defendant" or "Redding Christian") and DOES 1-30, inclusive for allegedly discriminating against Plaintiff when he was expelled due to misbehavior allegedly related to his Attention-Deficit/Hyperactivity Disorder ("ADHD"). Federal jurisdiction is premised solely on Section 504 of the Rehabilitation Act of 1973, which prohibits discrimination against the disabled by any program or activity receiving federal funding. 29 U.S.C.A. § 794.[1]

---

[1] In addition to their federal claim under the Rehabilitation Act, Plaintiffs' Complaint also includes three causes of action sounding solely in state law: two common law claims for negligence and negligent supervision/training, and a statutory cause of action for violation of the California Disabled Persons Act, Cal. Civ. Code § 54.1.

1

Presently before the Court is Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) on the grounds that there is no basis for jurisdiction under the Rehabilitation Act. For the reasons set forth below, Defendant's Motion is GRANTED.[2]

**BACKGROUND[3]**

C.G. was enrolled as a student at Redding Christian from the 2014-15 academic year, when he attended kindergarten, until he was expelled on May 24, 2017, while in second grade. Throughout that time period he was diagnosed with ADHD, a mental disorder with symptomatology commonly marked both by behavioral dysregulation and impulsivity, including impulsivity of a potentially sexual nature. C.G.'s Parents informally discussed his ADHD diagnosis with each of his Redding Christian teachers so that he could be accommodated appropriately. C.G.'s Parents also provided notice that C.G. required increased adult supervision because he acted "two-thirds of his age." Pls.' Compl., ECF No. 1, ¶ 8.

During the 2016-17 school year, C.G. made inappropriate sexual remarks on several occasions which led Redding Christian to remove him from its afterschool care program in or around February of 2017. On May 12, 2017, the school's principal allegedly learned that C.G. had engaged in sexual activity over a multi-month period with other students while at school. Redding Christian expelled C.G. for that purported misconduct on May 23, 2017, and the present lawsuit followed.

///
///
///

---

[2] Although Plaintiff's Motion alternatively requests judgment on the pleadings under Federal Rule of Civil Procedure 12(c), as set forth below because the Court finds it lacks jurisdiction over this matter in the first instance, and further declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, the 12(c) request need not further be considered.

[3] This section is drawn, at times verbatim, from the allegations contained in Plaintiffs' Complaint. ECF No. 1.

**STANDARD**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id. However, in the case of a facial attack, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." Safe Air for Everyone, 373 F.3d at 1039.

In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's allegations." Thornill, 594 F.2d at 733 (internal citation omitted). The party opposing the motion has the burden of proving that subject matter jurisdiction does exist, and must present any necessary evidence to satisfy this burden. St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989). If the plaintiff's allegations of jurisdictional facts are challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the mere assertion that factual issues may exist. Trentacosta v. Frontier Pac. Aircraft Ind., Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)). Furthermore, the district court may review any evidence necessary, including affidavits and testimony, in order to determine whether subject matter jurisdiction exists. McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988); Thornhill, 594 F.2d at 733. If the nonmoving party fails to meet its burden and the court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors

merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

## ANALYSIS

Under Section 504 of the Rehabilitation Act, exclusion, denial, or discrimination of disabled individuals under any program or activity receiving federal financial assistance is prohibited.  29 U.S.C.A. § 794.  The question this Court must resolve with the instant Motion is whether Redding Christian is a recipient of federal funding as required for federal court jurisdiction under the Rehabilitation Act.  A private school may qualify as a "program or activity" under the Rehabilitation Act if it receives federal assistance, but allegations that an entity is only "inextricably intertwined" with the actual recipient of federal funding do not suffice.  U.S. Dep't of Transp. v. Paralyzed Veterans of Am., 477 U.S. 597, 610 (1986).  Merely benefitting from federal aid does not meet the jurisdictional threshold; in other words, an "intended beneficiary" is not the same as an "intended recipient."  Id. at 606.

Plaintiffs' claim is premised on the argument that Redding Christian receives federal funding through the National School Lunch and School Breakfast Programs ("Programs").  Compl., ECF No. 1, at 6.  Redding Christian has a contract with Shasta Union High School District ("Shasta Union")[4] to provide meals under the Programs but it

---

[4] Defendant has requested judicial notice, pursuant to Federal Rule of Evidence 201, of the operative Food Service Agreement between Shasta Union and Redding Christian.  That request is unopposed and is accordingly GRANTED.

is Shasta Union, not Redding Christian, that has the federal contract. Id. Shasta Union receives the federal funding, prepares the meals, and delivers them to Redding Christian for distribution to eligible students. Defs.' Supp. Mot. Dismiss, ECF No. 17, at 5. Redding Christian argues that because it receives no money either directly or indirectly through the Programs, with only its students benefitting from Shasta Union's food service, there is no cognizable federal funding source upon which jurisdiction can be based. Id.

In U.S. Dep't of Transp. v. Paralyzed Veterans of Am., 477 U.S. 597 (1986), organizations representing disabled citizens challenged final regulations of the Civil Aeronautics Board which implemented the Rehabilitation Act of 1973 only with respect to airlines receiving federal subsidies under the Federal Aviation Act. Plaintiffs took issue with that interpretation, arguing that the extensive program of federal financial assistance provided to airports were enough to satisfy the federal funding prerequisite and mandated that the Rehabilitation Act be applied to all commercial airlines. Reversing the Court of Appeals, which had agreed with plaintiffs' position, the Supreme Court held that Section 504 of Rehabilitation Act does not apply to commercial airlines by virtue of federal financial assistance provided to airport operators because the recipient for Rehabilitation Act purposes were the airport operators and not the commercial airlines that used the airport. Id. at 605. The Court rejected plaintiffs' argument that the economic benefit to airlines from the aid to airports is a form of federal financial assistance because it ignores the distinction that Congress made in § 504: the statute covers only those who receive the aid and does not extend to those who benefit from it. Id., at 597–98.

Paralyzed Veterans controls here. Redding Christian has not received any direct federal funding for the school meals and instead has only contracted with Shasta Union to provide that service for its students. Federal funds were given to the California Department of Education, which in turn were disbursed to the Shasta Union. The fact that Redding Christian students received a benefit from the recipient of federal funding

6

does not mean that Redding Christian was a recipient of federal funds for the purposes of the Rehabilitation Act. The relationship between federal funding provided and Redding Christian students who received a benefit is simply too attenuated for Section 504 liability under the Rehabilitation Act.

**CONCLUSION**

For the reasons stated above, Defendant's Motion to Dismiss, ECF No. 17, is GRANTED. Because the Court does not believe that further amendment under the circumstances of this matter can result in a viable Section 504 claim against Defendant Redding Christian, no further leave to amend as to that claim will be permitted. Because Plaintiffs' First Cause of Action, for violation of Section 504 of the Rehabilitation Act, is the only claim asserted under federal law, the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 as to Plaintiffs' remaining state law claims in their Second, Third and Fourth Causes of Action, and those claims are accordingly dismissed, without prejudice. The handling of this matter here having now been concluded, the Clerk of Court is accordingly directed to close the file.

IT IS SO ORDERED.

Dated: March 16, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE