UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

C.G. (a minor), by and through his Parents and Guardians ad Litem, DONALD and WENDY GRAHAM,

Plaintiffs,

v.

REDDING CHRISTIAN SCHOOL and DOES 1-30, inclusive,

Defendant.

No. 2:19-cv-00348-MCE-DMC

**ORDER**

Through the present action, minor Plaintiff C.G. ("C.G"), by and through his Parents and Guardians ad Litem, Donald Graham and Wendy Graham, ("Plaintiffs") sought relief from Defendant Redding Christian School ("Redding Christian" or "Defendant") for allegedly discriminating against Plaintiff when he was expelled due to misbehavior allegedly related to his Attention-Deficit/Hyperactivity Disorder ("ADHD"). Federal jurisdiction was premised solely on Section 504 of the Rehabilitation Act of 1973, which prohibits discrimination against the disabled by any program or activity receiving federal funding. 29 U.S.C.A. § 794.[1]

---

[1] In addition to their federal claim under the Rehabilitation Act, Plaintiffs' Complaint also includes three causes of action sounding solely in state law: two common law claims for negligence and negligent supervision/training, and a statutory cause of action for violation of the California Disabled Persons Act, Cal. Civ. Code § 54.1.

1

According to Plaintiffs, eligible students at Redding Christian received lunches provided by Shasta Union High School District, which participated in the federally-funded National School Lunch Program.  Plaintiffs maintained that because Defendant entered into a Food Service Agreement with Shasta Union for that purpose, Redding Christian should be deemed an "indirect recipient" of federal funding for purposes of the Rehabilitation Act even though it was a private school and received no direct monies from the government.

On October 9, 2019, Redding Christian filed a Motion to Dismiss (ECF No. 17) brought pursuant to Federal Rule of Civil Procedure 12(b)(1) on grounds that it received no federal funding sufficient to invoke the protections of the Rehabilitation Act.  By Memorandum and Order dated March 17, 2020 (ECF No. 27), the Court agreed, granted Defendant's Motion and accorded Plaintiffs no further leave to amend their federal claim under Section 504.  Because the Court declined to exercise supplemental jurisdiction over Plaintiffs' remaining state claims, it dismissed those additional claims without prejudice and closed the file.

Now before the Court is Defendant's Motion for Attorney's Fees (ECF No. 31) brought under the Rehabilitation Act and seeking fees in the total amount of $16,228.00. This Court has discretion to award a reasonable attorney's fee to a prevailing party in a civil rights action brought, like this one, under Section 504 of the Rehabilitation Act.  19 U.S.C. § 794a(b).

There is no dispute that Redding Christian was the prevailing party in this action. Nonetheless, in order for a prevailing defendant like Redding Christian to recover fees, the Court must find that Plaintiffs' action was "frivolous, unreasonable, or without foundation." Smith for J.L. v. L.A. Unified Sch Dist., No. CV-16-2358 SS, 2018 WL 6136820 (C.D. Cal. Oct. 31, 2018) at *15 (citing Kohler v. Flava Enterprises, Inc., 779 F.3d 1016, 1020 (9th Cir. 2015).  An action is considered frivolous if it completely lacked any factual foundation for subject matter jurisdiction.  See, e.g., Orange Production Credit Ass'n v. Frontline Ventures, Ltd., 792 F.2d 797, 800 (9th Cir. 1986).

"The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." Hughes v. Rowe, 449 U.S. 5, 14 (1980).

Having adjudicated the matter and carefully considered the positions taken by both sides in so doing, the Court does not find Plaintiffs' action to have been frivolous or utterly without basis. Consequently, in exercising its discretion, it declines to award attorney's fees as requested by Defendant Redding Christian. Defendant's Motion (ECF No. 31) is accordingly DENIED.[2]

IT IS SO ORDERED.

Dated: August 26, 2020

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Having determined that oral argument would not be of material assistance, the Court submitted this matter on the briefs in accordance with E.D. Local Rule 230(g).